ORDERED in the Southern District of Florida on Jan. 31, 2008



*Kenneth Olson*
John K. Olson, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

**CARING HEART HOME HEALTH CORP.,INC.,**

Debtor.
_____/

Case No. 07-11254-BKC-JKO

Chapter 11

### ORDER DENYING DEBTOR'S MOTION TO EXTEND TIME *NUNC PRO TUNC* FOR CONFORMATION OF PLAN PURSUANT TO 11 U.S.C. § 1129(e) [DE 75] AND DISMISSING CASE

**THIS MATTER** came before me Court for hearing on January 28, 2008, on Caring Heart Home Health Corporation, Inc.'s (the "Debtor") Motion to Extend Time *Nun Pro Tunc* [sic] for Confirmation of Plan Pursuant to 11 U.S.C. 1129(e) (the "Motion") [DE 75]. In this small business case, the Motion was not filed within the rigid deadlines fixed by Congress for the filing of such motions. I am accordingly required to deny the Motion and dismiss the case.

#### Background

The Debtor filed its voluntary chapter 11 petition on February 27, 2007. The Debtor indicated on the petition that it is a small business debtor, *see* [DE 1], and the schedules confirm that it is. On November 7, 2007, the Debtor filed its proposed plan of reorganization [DE 59] and on November 26,

2007, it filed its disclosure statement relating to that Plan. [DE 62]. By Order [DE 66] entered in the ordinary course on December 11, 2007, the Disclosure Statement was set for hearing on January 28, 2008. On January 8, 2008, approximately 60 days after the filing of the Debtor's plan, the United States Trustee filed his objections to the disclosure statement [DE 74]. One of the issues raised in that objection is the fact that in a small business case, the plan must be confirmed within 45 days of its filing unless an extension has previously been granted by the Court.

Subsequent to the filing of the Trustee's objection, the Debtor filed the Motion on January 16, 2008, seeking an extension of the 45 day time requirement for conformation of the Chapter 11 plan. The Debtor states that its counsel failed to comply with the 45 day requirement for reasons due to excusable neglect or inadvertence. On January 24, 2008, the United States Trustee filed an objection to the Motion. [DE 96].

### Discussion

The United States Bankruptcy Code requires that the conformation of a reorganization plan under Chapter 11 for a small business case follow the following time requirements:

> In a small business case, the court shall confirm a plan that complies with the applicable provisions of this title and that is filed in accordance with section 1121(e) not later than 45 days after the plan is filed unless the time for confirmation is extended in accordance with section 1121(e)(3).

11 U.S.C. § 1129(e).[1]  In turn, section 1121(e)(3) lays out the requirements, and conversely the limitations, for the extension of this deadline and states in full:

> the time periods specified in paragraphs (1) and (2), and the time fixed in section 1129(e) within which the plan shall be confirmed, may be extended only if –

---

[1] This deadline was newly imposed upon small business debtors by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), legislation which is replete with odd provisions – including a number of traps for the unwary.

(A) the debtor, after providing notice to parties in interest (including the United States trustee), demonstrates by a preponderance of the evidence that it is more likely than not that the court will confirm a plan within a reasonable period of time;

(B) a new deadline is imposed at the time the extension is granted; and

(C) the order extending time is signed before the existing deadline has expired.

11 U.S.C. § 1121(e)(3). Since the Motion on its face fails to meet the third requirement, the Court need look no further.

It is fundamental that the analysis of a statute "must begin with the language of the statute itself . . . and [absent] a clearly expressed legislative intent to the contrary, the language must ordinarily be regarded as conclusive." *Brad PAC v. Fed. Election Comm'n*, 455 U.S. 577, 580 (1982)(internal citations omitted). The clear meaning of section 1121(e)(3) requires that the Court may only grant an extension for confirmation of a small business plan under chapter 11 if it complies with all the requirements under this section. Further, the language of the third requirement in section 1121(e)(3) is abundantly clear and must be read as "conclusive" – if no signed order exists prior to the expiration of the 45 day deadline, then no extension can be granted. Since the Motion was not filed until approximately 23 days after the deadline had passed, it is inherently the case that there was no signed order for the extension of time before the 45 day deadline had expired. Thus, there exist no grounds to grant such an extension as the Court is controlled by the statutory language of the Bankruptcy Code.

Federal Rule of Bankruptcy Procedure Rule 9006(b) permits the court to grant extensions of deadlines even after the lapse of a deadline under certain circumstances. In some cases the extension of a deadline would be warranted under an argument of excusable neglect or inadvertence. However, in the present matter the Court has no authority to grant such an extension. Neither Rule 9006(b) nor

some other equitable power of this Court allows the Court to contradict the clear meaning of a statute enacted by Congress.

It is understandable that the Debtor could feel aggrieved by the fact that the Court set the hearing on the Debtor's Disclosure Statement for a date well beyond the statutory deadline by which the Plan had to be confirmed, absent an extension sought and granted[2] before the expiration of the deadline. I regret the result but am bound by the inflexible mandate imposed by Congress.

In accordance with the reasons discussed above, it is **ORDERED** that:

1. Motion to Extend Time *Nun Pro Tunc* [sic] for Confirmation of Plan Pursuant to 11 U.S.C. 1129(e) [DE 75] is **DENIED**; and

2. The above-referenced Chapter 11 case (07-11254) is **DISMISSED** without prejudice.

###

The Clerk shall provide copies to:

U.S. Trustee

Elias Leonard Dsouza
111 N Pine Island Rd #205
Plantation, FL 33324

Debtor's counsel is instructed to serve a conformed copy of this Order on all interested parties not listed above.

---

[2] I am aware of no other provision of the Bankruptcy Code in which a critical deadline is determined by when the court *signs* an order, rather than when that order is entered on the court's docket. This is yet another example of the curious drafting contained in BAPCPA.